**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

LUIS MIGUEL CANELA PERALTA,

Petitioner,

v.

ANGELA HOOVER, *Warden, of the Pike County Correctional Facility*, *et al.*,

Respondents.

No. 4:26-CV-02421

(Chief Judge Brann)

**MEMORANDUM OPINION**

**SEPTEMBER 17, 2026**

## I. BACKGROUND

Luis Miguel Canela Peralta, currently a detainee of the United States Department of Homeland Security, Immigration and Customs Enforcement ("ICE"), has filed this 28 U.S.C. § 2241 petition seeking his release from ICE custody.[1] Canela Peralta is currently detained at the Clinton County Correctional Facility located within the Middle District of Pennsylvania.[2]

Canela Peralta, a citizen and native of the Dominican Republic, entered the United States of America in 2018.[3] On July 25, 2026, Canela Peralta was arrested by ICE, and he has remained in ICE custody since that date.[4]

1 Doc. 1.
2 *Id.* at 2.
3 *Id.* at 5.
4 *Id.*

In August of 2026, Canela Peralta filed this § 2241 petition seeking release from custody, asserting that his continued detention without a bond hearing violates his constitutional rights.[5] Respondents acknowledge that, based on binding precedent from the United States Court of Appeals for the Third Circuit, Canela Peralta has been improperly denied a bond hearing under 8 U.S.C. § 1225(b), as he must instead be detained under 8 U.S.C. § 1226(a).[6] Respondents argue only that Canela Peralta should receive a bond hearing rather than release from custody.[7]

After considering the arguments, for the reasons discussed below, the petition will be granted and the Government will be ordered to release Canela Peralta from custody.

## II. DISCUSSION

Canela Peralta brings his claims pursuant to 28 U.S.C. § 2241, which provides, as relevant here, that it applies to any individual who is "in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States."[8] As the Supreme Court of the United States has emphasized, when ICE detainees challenge "their confinement" pending removal, "their claims fall within the 'core' of the writ of

5 *See* Doc. 1.
6 Doc. 8 at 1-2.
7 *Id.* at 2-3.
8 28 U.S.C. § 2241(c)(2).

habeas corpus and thus must be brought in" a 28 U.S.C. § 2241 petition.[9] Canela Peralta's claims are therefore properly brought in this petition.

Respondents acknowledge that, based on binding precedent, Canela Peralta's petition is meritorious.[10] The Third Circuit recently held in *Buele Morocho v. Warden Philadelphia FDC* that individuals in Canela Peralta's position are properly detained pursuant to § 1226(a) and, therefore, the failure to provide those individuals with a bond hearing violates their due process rights.[11] Accordingly, the only issue remaining in this matter is the remedy to which Canela Peralta is entitled.

As other courts have frequently discussed, ICE may detain an individual in circumstances such as Canela Peralta's "only if, under § 1226(a) and applicable regulations, he receives a bond hearing and the facts show that he poses a risk of flight or danger to the community."[12] Consequently, where Respondents "do not allege any facts suggesting that [a petitioner] poses either concern," release from custody is an appropriate remedy.[13]

---

9 *Trump v. J. G. G.*, 604 U.S. 670, 672 (2025).

10 Doc. * at 1-2.

11 *See Buele Morocho v. Warden Phila. FDC*, __ F.4th __, No. 26-1150, 2026 WL 2546223 (3d Cir., Aug. 28, 2026).

12 *Bautista Calles v. Jamison*, No. CV 26-5539, 2026 WL 2322469, at *4 (E.D. Pa. Aug. 11, 2026) (citing *Yilmaz v. Warden of Fed. Det. Ctr. Phila.*, No. CV 25-6572, 2025 WL 3459484, at *3 (E.D. Pa. Dec. 2, 2025); *Centeno Ibarra v. Warden of the Fed. Det. Ctr. Phila.*, No. CV 25-6312, 2025 WL 3294726, at *8 n.69 (E.D. Pa. Nov. 25, 2025); 8 C.F.R. § 1236.1(c)(8), (d)(1)).

13 *Id.*

Here, there are no facts in the record that would suggest—let alone establish—that Canela Peralta poses either a danger to the community or a flight risk. Although the Court directed Respondents to address whether Canela Peralta presents a danger to the community or a flight risk,[14] no evidence was provided to the Court with respect to those issues, and there are no allegations that he poses either a flight risk or a danger.[15] Consequently, the Court presumes that neither basis for detention is present. As Respondents offer no justification for Canela Peralta's continued detention, release from custody is appropriate.[16]

## III. CONCLUSION

For the foregoing reasons, the Court concludes that Respondents have violated Canela Peralta's due process rights by detaining him without a bond hearing. Accordingly, his petition will be granted, and the Court will order that Canela Peralta be promptly released from custody.

An appropriate Order follows.

BY THE COURT:

s/ Matthew W. Brann
Matthew W. Brann
Chief United States District Judge

---

14 Doc. 3.

15 *See* Doc. 8.

16 *See Bautista Calles*, 2026 WL 2322469, at *4; *Kaziev v. Jamison*, No. CV 26-4837, 2026 WL 2279456, at *10 (E.D. Pa. Aug. 7, 2026); *Lopes v. Jamison*, No. CV 26-234, 2026 WL 299991, at *4 (E.D. Pa. Feb. 4, 2026).